UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK WOOD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-1450-RLY-VSS |
| | ) | |
| MARION COUNTY SHERIFF, | ) | |
|     Defendant. | ) | |

**ENTRY ON PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND EXPENSES**

**I.     Background**

Plaintiff, Captain Mark Wood, filed suit against the Marion County Sheriff's Department, Jack Cottey, and Larry Logsdon after he was disciplined for an exercise of his First Amendment right to free speech. Defendants filed a Motion for Summary Judgment regarding the claims against Cottey and Logsdon, which was granted. As such, Wood's sole claim at trial was a *Monell* claim against the Marion County Sheriff's Department ("Defendant").

This matter was tried before a jury on January 24-26, 2005, at the conclusion of which the jury returned a verdict in Wood's favor and awarded him $250,000 in compensatory damages. In June 2005, the court remitted the jury award to $50,000 in it's decision on Defendant's Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for New Trial or to Alter or Amend Judgment. In August 2005,

Wood filed his notice of acceptance of remittitur. The matter is now before the court on Wood's Petition for Attorney's Fees and Expenses, in which he seeks $175,468.30 in fees and $1,666.54 in costs. For the following reasons, Wood's Petition is Fees is **granted in the amount of $118,638.97 for fees and $150.00 for costs**, for a total of $118,788.97.

## II.     Discussion

Wood prevailed in his § 1983 first amendment claim. Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, in a § 1983 action, "the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1998. Defendant concedes that Wood is the prevailing party in this matter and thus does not object to Wood's entitlement to fees; however, Defendant argues that Wood only partially prevailed and that the fee award should be reduced because: (1) Wood was not entitled to recover a substantial verdict on his First Amendment claim; (2) the overall number of hours requested is excessive in light of the nature of Wood's claim; (3) the hourly rates sought by attorneys Waples and Hanger are not reasonable or supported by admissible evidence; and (4) the number of claimed hours is excessive because Wood's attorneys charged for tasks that are not compensable under 42 U.S.C. § 1988, and they failed to keep properly detailed time records. Consequently, Defendant suggests that the court reduce the attorney fee award by 60% or, alternatively, use the lodestar method to calculate the fees.

**A.     The Lodestar Calculation**

The Seventh Circuit has held that in determining what constitutes a reasonable award of attorney fees, "[t]he 'lodestar' method – reasonable hourly rates multiplied by hours reasonably expended – is the most appropriate starting point." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310-11 (7th Cir. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).[1]  As such, the court will apply the lodestar method, evaluating the attorneys' number of hours, their hourly rates, and their level of success.

**1.     The Number of Hours**

When applying the lodestar method, "[t]he party requesting fees has the burden of substantiating the reasonableness of the hours expended and hourly rate." *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 518 (7th Cir. 1993) (citing *Estate of Borst v. O'Brien*, 979 F.2d 511, 515 (7th Cir. 1992)).

Wood seeks reimbursement for the following: Richard A. Waples, 423.5 hours; JauNae M. Hanger, 111.7 hours; David R. Brimm, 127.38 hours; paralegals, 39.03 hours; and law clerks, 12.43 hours.  Defendant recommends reducing each of the counsel and staff's billed hours by 40% on the grounds that some of the hours were unnecessary and

---

[1] In their totality, the factors a court should consider are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and abilities of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Leffler v. Meer*, 936 F.2d 981, 985 (7th Cir. 1991).  Many of these factors are subsumed within the initial 'lodestar' calculation.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9.

inappropriate, not reasonably expended, or the documentation thereof lacked specificity.

Specifically, Defendant argues that 36.2 hours of Waples' time and 31 hours of Brimm's time should be deducted from the time that they spent on Defendants Cottey and Logsdon's successful summary judgment motions. Because summary judgment was granted in favor of two of the three original defendants, Defendant suggests that two out of three hours should be deducted from Waples' and Brimm's time. However, the claims against Cottey and Logsdon and the Marion County Sheriff's Department arose under a common core of facts – they were not factually distinct claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."). As such, no hours will be deducted from the summary judgment billing, except for those already deducted by Wood's counsel.

Defendant also argues that 1.83 hours of Brimm's time and 0.6 hours of Waples' time that was spent on unsuccessful efforts to add a defamation claim to the complaint should be deducted and that 15.92 hours of counsel and staff's time spent on general research and inadmissible evidence should be deducted. But "[c]ounsel may track down leads that do not pan out; however, this is an essential function of lawyers . . . . These hours are ordinary inputs into winning cases and are fully compensable." *Bohen v. City of East Chicago*, 666 F.Supp. 154, 158 (N.D. Ind. 1987) (Easterbrook, J.); *see also*, *Yager v. Metzcus*, 1994 WL 818221, *3 (N.D. Ind. 1994) (discussing reimbursement for tort

claim hours when the claim was ultimately abandoned).

Defendant's next claim is that 39.8 hours spent by counsel and staff on clerical matters should be deducted. Most of the tasks referenced by Defendant are compensable, as counsel must be aware of correspondence and scheduling matters in order to litigate effectively. *See Kennington v. Cottey*, 2005 WL 555367, *10 (S.D. Ind. 2005) (Magistrate Judge Baker's Report and Recommendation). However, the court does find that the 0.75 hours billed by attorney Brimm for looking for a missing videotape on January 18, 2005 to be unreasonable, and as such, 0.75 hours of his time will be deducted.

Defendant then goes on to argue that hours should be deducted because counsel spent excessive time on certain tasks. Upon review, the court does not find the amount of time that Wood's counsel spent on drafting the complaint, attending conferences, or meeting with witnesses to be excessive or unreasonable, especially given the unique circumstances surrounding his claim. Defendant also claims that the hours spent attending trial by a third chair (Brimm) and a paralegal (Albrecht) should be deducted. While the use of co-counsel at trial is standard, Brimm and Albrecht played no active role at trial. By all outward appearances, they were present in the courtroom solely to observe and not to contribute to the outcome of the case, with the exception of Albrecht's January 26, 2005 hours, listed as "Additional research on Star article; Attend trial." *See Evans v. Port Authority of New York and New Jersey*, 273 F.3d 346, 362 (3d Cir. 2001) (discussing example of overlapping billing). Therefore, 22.99 hours spent by Brimm observing at trial and 3.5 hours spent by Albrecht observing at trial will be deducted. Defendant

further suggests a 25% blanket deduction from Hanger's bill due to excessive hours and overlap, but as explained above, the use of co-counsel is standard practice. *Boehn*, 666 F.Supp. at 157. Furthermore, there is no evidence to suggest that the case at bar presents an extreme example of overlapping billing, such as that found in *Evans*. 273 F.3d 346.

Finally, Defendant argues that Wood's counsel's records were insufficiently specific. Upon review, the court finds that the records, when read in context, are sufficiently detailed. *See*, *e.g.*, *Craig v. Christ*, 1999 WL 1059704, *17 (S.D. Ind. 1999) (Hamilton, J.).

Based on the foregoing review, Wood is entitled to reimbursement for: Richard A. Waples, 423.5 hours; JauNae M. Hanger, 111.7 hours; David R. Brimm, 103.64 hours; paralegals, 35.53 hours; and law clerks, 12.43 hours.

### 2. The Hourly Rate

"The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care*, 90 F.3d at 1310. However, if an attorney maintains a contingent fee practice, the court should "look to the next best evidence of market rates – evidence of rates other attorneys in the area charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 408 (7th Cir. 1999). Wood, as the party seeking the fee award, bears the burden of proving the market rate. *Id*. at 407. "However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Id*. (citing

*People Who Care*, 90 F.3d at 1313).

Wood seeks attorney fees at the rate of $300.00 per hour for Waples, $225.00 for Hanger,[2] and $150.00 for Brimm. Defendant argues that $275.00 is appropriate for Waples and $220.00 for Hanger; Defendant does not dispute Brimm's rate.

Wood has submitted a series of affidavits from Waples and other local attorneys suggesting that $300.00 per hour is a reasonable rate for Waples. However, there is no evidence that any of these attorneys have actually billed at the rate of $300.00 per hour or been awarded that rate by a court in a comparable case. The court finds the affidavits insufficient to establish that the prevailing market rate for an attorney of Waples' skill and experience in Indianapolis is $300.00 per hour. As such, the court finds $275.00 per hour to be the appropriate rate for Waples.

Likewise, Wood has submitted a series of affidavits from Hanger and other local attorneys suggesting that $225.00 per hour is a reasonable rate for Hanger. However, the affidavits regarding Hanger are general and conclusory, and the court finds them insufficient to establish that the prevailing market rate for an attorney of Hanger's skill and experience in Indianapolis is $225.00 per hour. Therefore, the court finds that the reasonable rate for Hanger is $200.00 per hour.

### 3. Deduction for Partial Success

---

[2] At page 8 of Wood's Memorandum of Law in Support of Petition for Attorney Fees and Expenses, he states that he seeks an hourly rate of "$250 for Hanger." However, Hanger's affidavit indicates that $225 is her hourly rate, and Plaintiff's Petition for Attorney's Fees and Expenses also uses the $225 rate. Presumably the $250 rate referred to in Wood's supporting memorandum is a typographical error.

In a case such as this, where the plaintiff's claims for relief involve a common core of facts and are based on related legal theories, the time spent on unsuccessful claims is not automatically excluded for the lodestar calculation. *Mojica v. Gannett Co.*, 1992 WL 51685, *3 (N.D.Ill. 1992) (citing *Spanish Action Commission v. City of Chicago*, 811 F.2d 1129, 1133 (7th Cir. 1987)). Instead, the focus in arriving at the appropriate fee award is on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435; *see also*, *Yager v. Matzcus* at 1994 WL 818221 at *4 ("If the plaintiffs obtained an excellent result, their attorney should receive full compensation. However, if plaintiffs achieved only partial or limited success, the hours reasonably expended times the reasonable hourly rate may be excessive.") (citing *Hensley*, 461 U.S. at 1940-41).

In his closing argument, Waples argued that an appropriate award for Wood would be "anywhere between $50,000 to $500,000." The jury returned a verdict in Wood's favor and awarded him $250,000 in compensatory damages, but Wood has since accepted the court's remittitur of his damage award to $50,000. Defendant argues that the size of the award reflects the degree of the success obtained, and the court agrees. While Wood's success was not *de minimis*, it was also not an "excellent" result. The remitted amount of his damage award is at the very bottom end of the range suggested in Waples' closing argument. Additionally, Wood's claims against two out of the three original defendants (Cottey and Logsdon) were dismissed. Based on "the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation,"

the court finds that a 25% overall reduction of the fees claimed by Wood is appropriate.

**4.     Calculation**

Based on the foregoing, Wood is entitled to:

| Attorney/Staff | Reasonable Hours | Hourly Rate | Subtotal |
| --- | --- | --- | --- |
| Waples | 423.5 | $275.00 | $116,462.50 |
| Hanger | 111.7 | $200.00 | $22,340.00 |
| Brimm | 103.64 | $150.00 | $15,546.00 |
| Paralegal | 35.53 | $80.00 | $2,842.40 |
| Law Clerk | 12.43 | $80.00 | $994.40 |
|  |  |  | $158,185.30 |
| 25% Deduction |  |  | -$39,546.33 |
|  |  | Total: | $118,638.97 |

**B.     Costs**

A prevailing party in a civil suit may recover costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Rule 54(d) provides that "costs shall be allowed . . . to the prevailing party unless the court otherwise directs . . . ." Wood claims that he is entitled to $1,666.54 for costs, but his only explanation is that "these expenses, the bulk of which constitute the filing fee and the depositions of Cottey and Logsdon were all reasonably incurred in representing Mr. Wood . . . ." Wood has submitted no evidence, such as receipts or invoices, to substantiate his costs. However, the court is aware that the filing fee paid in this case was $150.00. As such, Wood will be awarded costs in the amount of $150.00.

**III.     Conclusion**

For the foregoing reasons, Plaintiff's Petition for Attorney's Fees is **granted in the amount of $118,638.97 for fees and $150.00 for costs**, for a total of $118,788.97.

Dated:  September 30, 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

David Robert Brimm
WAPLES & HANGER
dbrimm@wapleshanger.com

Allison Wells Gritton
OFFICE OF CORPORATION COUNSEL
agritton@indygov.org

Anthony W. Overholt
OFFICE OF CORPORATION COUNSEL
aoverhol@indygov.org

Suzannah Wilson Overholt
OFFICE OF CORPORATION COUNSEL
soverhol@indygov.org

Richard A. Waples
WAPLES & HANGER
richwaples@aol.com